United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Palm Springs Mile Associates, Ltd., Plaintiff, | ) ) ) | |
| V. | ) ) ) | Case No. 20-21724-Civ-Scola |
| Kirkland's Stores, Inc., Defendant. | ) ) | |

### Order on Motion to Dismiss and to Strike Claim for Attorneys' Fees

Plaintiff Palm Springs Mile Associates, Ltd., ("Palm Springs Mile") complains Defendant Kirkland's Stores, Inc., ("Kirkland") breached its commercial lease agreement ("Lease") by failing to pay rent and related charges in April 2020 and a period of succeeding months. (Compl., ECF No. 1.) This matter is now before the Court on Kirkland's motion to dismiss Palm Springs Mile's complaint and to strike Palm Springs Mile's claims for attorneys' fees. (Def.'s Mot., ECF No. 6.) Kirkland contends, according to the Lease, government-mandated quarantine and county restrictions on business operations, that arose as a result of the current COVID-19 pandemic, suspend its obligation to pay rent. Palm Springs Mile filed a response (Pl.'s Resp., ECF No. 8) and Kirkland timely replied (Def.'s Reply, ECF No. 9). Having considered the record, the parties' submissions, and the applicable law, the Court, **denies** Kirkland's motion to dismiss, and **denies as moot**, Kirkland's motion to strike the fee request. (**ECF No. 6**.)

### 1. Background

In August 2015, Palm Springs Mile, entered into a six-year commercial lease agreement with Kirkland. (Compl. at ¶7.) The property, approximately 7,400 square feet in area, is located at Palm Springs Mile Shopping Center in Hialeah, Florida. (*Id.*) Early in the year, the onset of the COVID-19 pandemic raised global public health concerns. (Def.'s Mot. at 1.) In particular, Miami-Dade County applied restrictions to non-essential activities and business operations as an effort to slow the spread of the virus. (Def.'s Reply, Ex. A, ECF No. 9-1.) Pointing to the disruption caused by the pandemic, Kirkland stopped making rent payments for the month of April and a period of successive months. (Compl. at ¶11.) Shortly thereafter, Palm Springs Mile notified Kirkland of the missed rent and demanded full payment. (Compl. Ex. 2, ECF No. 1-4.) On April 24, 2020, Palm Springs Mile filed a complaint seeking recovery for the past-due amount,

an acceleration of rent for the remaining term of the Lease, and the recovery of attorneys' fees, amounting to in excess of $466,000. (*Id.* at ¶14, 23, 30.)

## 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all the complaint's allegations as true, construing them in the light most favorable to plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## 3. Analysis

## A. Force Majeure

Based on the force majeure clause in the Lease, Kirkland argues county regulations governing the shutdown of non-essential activities and business operations suspend its obligation to pay rent. (Def.'s Mot. at 2.) The Court, however, finds that Kirkland's motion (1) fails to link its nonpayment of rent to the government regulations, and (2) improperly raises an affirmative defense that does not appear on the face of the complaint.

A force majeure clause is a "contractual clause that excuses performance of contractual obligations—either wholly or for the duration of the force majeure—upon the occurrence of a covered event which is beyond the control of either party to the contract." *In re Flying Cow Ranch* HC, LLC, No. 18-12681-BKC-MAM, 2018 WL 7500475, at *2 (Bankr. S.D. Fla. June 22, 2018) (Mora, Bankr. J.). This type of clause is not an opt-out provision and is limited in scope. *Princeton Homes, Inc. v. Virone*, 612 F.3d 1324, 1332 (11th Cir. 2010). Therefore, force majeure clauses are narrowly construed, and "will generally only excuse a party's nonperformance if the event that caused the party's nonperformance is specifically identified." *ARHC NVWELFL01, LLC v. Chatsworth at Wellington*

*Green, LLC*, No. 18-80712, 2019 WL 4694146, at *3 (Middlebrook, J.) (S.D. Fla. Feb. 5, 2019).

In its motion to dismiss, Kirkland relies on the force majeure clause in Article 28.4 of the Lease which provides as follows:

> Whenever a period of time is prescribed in this Lease for action to be taken by either party, such party will not be liable or responsible for, and there will be excluded from the computation of any such period of time, any delays due to strikes, riots, acts of God, shortages of labor or materials, war, governmental laws, regulations or restrictions or any other causes of any kind whatsoever which are beyond the reasonable control of such party.

(Compl. Ex. 1, ECF No. 1-3.)

Kirkland asserts that the restrictions on business operations and non-essential activities qualify as force majeure events, and therefore its obligation to pay rent is automatically suspended. Kirkland's position is unavailing. First, Kirkland fails to explain how the governmental regulations it describes as a force majeure event *resulted in* its inability to pay its rent. Kirkland, instead, argues that the force majeure clause does not require any showing that the county's regulations are linked to Kirkland's nonpayment. This argument misses the mark, though. The restrictions on non-essential activities and business operations must directly affect Kirkland's ability to pay rent. *See Chatsworth* WL 4694146, at *4 (holding that the defendant failed to show its inability to pay rent resulted from a force majeure event). Secondly, even if Kirkland had properly linked the force majeure event to an inability to pay its rent, the issue of the applicability of the force majeure clause to this case is a factual question that cannot be determined on a motion to dismiss. *See, e.g., Am. Metabolic Testing Labs., Inc. v. Alfa Wassermann Diagnostic Techs., LLC*, 17-CV-60119, 2017 WL 7794346, at *3 (S.D. Fla. July 7, 2017) (Bloom, J.) ("[T]he truth or existence of a fact as alleged is an issue not properly resolved at the motion to dismiss stage.") (citation omitted).

Relatedly, the existence of an affirmative defense generally will not support a motion to dismiss. *Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984). "[A] complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint." *Id.* The force majeure Kirkland relies on in its motion is indeed an affirmative defense. *See Chatsworth* WL 4694146, at *2; *see also In re Flying Cow Ranch* WL 7500475 (finding that a claim of force majeure is equivalent to an affirmative defense). Kirkland, however, has failed to point to factual allegations in the complaint that show the government regulations themselves actually prevented Kirkland from making

rent payments. The Court is therefore unpersuaded that the force majeure clause applies to warrant a dismissal at this stage of the lawsuit.

### B. Attorneys' fees

Kirkland argues that Palm Springs Mile's request for attorneys' fees should be removed from the complaint. (Def.'s Mot. at 3.) In response to Kirkland's motion, Palm Springs Mile withdrew its fee request. (Pl.'s Resp. at 7, n. 2.) Accordingly, the Court strikes Palm Springs Mile's request for attorneys' fees and denies Kirkland's motion on this issue as moot.

### 4. Conclusion

For the reasons set forth above, the Court **denies** Kirkland's motion to dismiss and **denies as moot** Kirkland's motion to strike Palm Springs Mile's fee request (**ECF No. 6**).

**Done and ordered** in Miami, Florida, on September 8, 2020.

Robert N. Scola, Jr.
United States District Judge